## The Chicago & Alton Railroad Co. and Ernest Moffett v. Arthur Randolph.

1.  CORPORATIONS—*When not Liable for the Trespasses of their Agents.* —The action of trespass can not be sustained against a railroad company for the wrongful act of one of its employes unless such wrongful act is done in pursuance of its orders, or the manner of doing it is such as necessarily follows such orders.

2.  DAMAGES—*Mitigation of in Trespass.*—Where a defendant has been provoked to make an assault upon a plaintiff, by having been first assaulted, and is found guilty of using excessive force in his defense, such provocation is to be considered in mitigation of damages.

Trespass, for personal injuries.  Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.  Heard in this court at the November term, 1895.  Reversed as to one of the defendants; reversed and remanded as to the other.  Opinion filed May 16, 1896.

WILLIAMS & CAPEN, attorneys for appellants, contended that the action of trespass will not lie against a master for

the wrongful act of a servant in such a case as the one at bar. The master is never liable in an action of trespass unless he has ordered the wrongful act to be done, or the manner of doing the act was such as necessarily followed the order given. In other words, trespass only lies against a party for a wrongful act where he either does the act directly, actively participates in it, or orders it to be done. In all other cases, where an action lies against the master for the wrongful act of the servant, that action is case. I. C. R. Co. v. Reedy, 17 Ill. 580; St. L., A. & C. Co. v. Dalby, 19 Id. 353; Gallery v. Davis, 35 Ill. App. 619; Ch. Pl. *181; Fuller v. Voght, 13 Ill. 277; U. S. Dig. (First Series) Art. "Action," p. 90, Sec. 356, and numerous cases there cited; T., W. & W. R. R. Co. v. Harmon, 47 Ill. 298; 2 Thompson on Negligence, p. 890, Secs. 10, 11, and cases cited; Thames Steamboat Co. v. H. R. R. Co., 24 Conn. 40; A. V. R. R. Co. v. McLain, 91 Pa. St. 442.

Wherever the command was to do only a lawful act, and the servant does it in an unlawful way, so as to injure another, there case must still be the proper remedy. St. L., A. & C. R. R. Co. v. Dalby, 19 Ill. 353.

An action or count in trespass must contain the elements of an action or count in trespass. The common law distinction between trespass and case is not affected by our present statute, as regards this question. Blalock v. Randall, 76 Ill. 224; St. L., V. & T. H. R. R. Co. v. Summit, 3 Ill. App. 155; Gay v. De Werff, 17 Ill. App. 417; Bassett v. Bratton, 86 Ill. 152; Wilmerton v. Sample, 42 Ill. App. 254; Krebs v. Thomas, 12 Ill. App. 266.

As affecting the question of the liability of the defendant railroad company, the following cases strongly resemble, as to facts, the case at bar. I. C. R. R. Co. v. Ross, 31 Ill. App. 170; Golden v. Newbrand, 52 Ia. 59; Davis v. Houghtelin, 33 Neb. 582; Sagers v. Nuckolls, 3 Col. App. 95; Candiff v. L. N. O. & T. R. R. Co., 42 La. Ann. 477; Fraser v. Freeman, 43 N. Y. 566.

Where a person provokes an assault by a servant, and thereby receives an injury, the master is not liable therefor.

Peavy v. Ga. R. R. Co., 81 Ga. 485; Scott v. Central Park R. R. Co., 53 Hun 414; Harrison v. Fink, 42 Fed. Rep. 787; R. R. Co. v. Wetmore, 19 Ohio St. 110; I. C. R. R. Co. v. Ross, 31 Ill. App. 170.

Where a defendant has been provoked to making an assault upon a plaintiff by having been first assaulted, and is found guilty of using excessive force in his defense, such fact is to be considered in mitigation of damages, and it is error where the jury are not so instructed, when the first assault immediately precedes the wrongful act of defendant. 1 Sutherland on Damages, 226, Sec. 3; 15 Am. & Eng. Ency. of Law, 685, note; Cushman v. Ryan, 1 Story 100; Lee v. Woolsey, 19 Johns. 318; Maynard v. Beardsley, 7 Wend. 561; Corning v. Corning, 2 Seld. 103; Ellsworth v. Thompson, 13 Wend. 658; Morely v. Dunbar, 24 Wis. 183; Robison v. Rupert, 23 Pa. St. 523; Finerty v. Tipper, 2 Camp. 77; Ireland v. Elliott, 5 Iowa 478; Wilson v. Young, 31 Wis. 591; Marker v. Mills, 9 Md. 341; Rochester v. Anderson, 1 Bibb, 428.

And for the general doctrine upon this subject, see T. H., A. & St. L. R. R. Co. v. Vanatta, 21 Ill. 188; Spray v. Ammerman, 66 Ill. 309; Reynolds v. Phillips, 13 Ill. App. 557; Freeman v. Finsley, 50 Ill. 497; Flagg v. Roberts, 67 Id. 485; Miller v. Johnson, 79 Id. 58.

An action can not be maintained against a master for criminal or felonious acts of the servant. 14 Am. and Eng. Enc. of Law, 818, note 1; 824, 826; DeCamp v. M. & M. R. R. Co., 12 Iowa 348, and cases cited; Golden v. Newbrand, 52 Iowa 59; Jackson v. St. L., I. M. & S. R. R. Co., 87 Mo. 422; Lyons v. Martin, 8 A. & E. 512.

A master is not liable for the wrongful act of the servant, committed after the authorized duties of the servant have ended; e. g., for an unauthorized arrest or assault for a supposed offense committed against the master. Oxford v. Peters, 28 Ill. 434; Abrahams v. Deakin, L. R., 1 Q. B. Div. 516; Mali v. Lord, 39 N. Y. 381; Allen v. L. & S. W. Ry. Co., L. R., 6 Q. B. 65; L. M. R. R. Co. v. Wetmore, 19 Ohio St. 110; Central R. R. Co. v. Peacock, 69 Md. 257; I. C. R.

R. Co. v. Ross, 31 Ill. App. 181; Porter v. R. I. & P. R. R. Co., 41 Ia. 358; Pinkerton v. Gilbert, 22 Ill. App. 568.

A master is not liable for a malicious and willful trespass of a servant, even when committed under color of discharging the duty he owes his master. I. C. R. R. Co. v. Downey, 18 Ill. 259; Evansville, etc., R. R. Co. v. Baum, 26 Ind. 70; N. O., J. & G. N. R. R. Co. v. Harrison, 48 Miss. 112; Cohen v. Dry Dock, etc., Co., 69 N. Y. 170; Pa. Co. v. Toomey, 91 Pa. St. 256; Pa. & M. P. R. R. Co. v. Donahue, 70 Id. 119; Smith v. L. & N. R. R. Co. (Ky.), 23 S.W. Rep. 652.

For a willful and malicious trespass by a servant, not commanded or ratified by the master, but perpetrated to gratify the private malice of the servant, no action will lie against the master. Evansville, etc., R. R. Co. v. Baum, 26 Ind. 70; Molloy v. N. Y. C. R. R. Co., 10 Daly, 453; Hudson v. M., K. & T. R. R. Co., 16 Kans. 470; Collins v. A. G. S. R. R. Co. (Ala.), 61 Am. & Eng. Ry. Cas. 229; Rounds v. D. L. & W. R. R. Co., 64 N.Y. 129.

Where the act of the servant amounts to a crime, or is of a willful and malicious character, the law presumes that the perpetration of the wrong was not authorized before or sanctioned afterward by the principal, and this presumption continues until repelled by proof to the contrary. Dillingham v. Russell, 73 Tex. 47.

Where the servant steps aside from his employment, for however short a time, to commit a tort, which the master neither directed in fact, nor could have been supposed, from the nature of his employment, to have authorized or expected the servant to do, the master is not liable. Cooley on Torts, 535; C., B. & Q. R. R. Co. v. Casey, 9 Ill. App. 632; 14 Am. and Eng. Enc. of Law, 809, and cases cited; Cooley on Torts, pp. 533, 537; Little Miami R. R. Co. v. Wetmore, 19 Ohio St. 110.

The ground of a master's liability for the act of his servant, is that in contemplation of law the act is his, though performed by another. "He must be considered to be constructively present and commanding the act." St. L. C. &

A. R. R. Co. v. Dalby, 19 Ill. 375; Springfield Engine & T. Co. v. Green, 25 Ill. App. 106; Arasmith v. Temple, 11 Id. 39.

A master is not liable for the willful or malicious torts of his servant unless they are in furtherance of the business of the master, or are subsequently ratified by him. Wood v. Williams, 142 Ill. 280; C. & E. I. R. R. Co. v. Flexman, 103 Id. 550; McManus v. Cricket, 1 East 106; Johnson v. Barber, 5 Gilm. 425.

. A master is not liable for the tort of a servant, unless that tort was committed, first, as servant; second, in the line of the servant's employment; and third, in furtherance of the master's business. All three of these elements are necessary. Arasmith v. Temple, 11 Ill. App. 39; Chicago City Railway v. Mogk, 44 Ill. App. 17; Porter v. C., R. I. & P. R. R. Co., 41 Iowa 358.

" The mere fact that a tortious act is committed by a servant while he is actually engaged in the performance of the service he has been employed to render, can not make the master liable. Something more is required. It must not only be done while so employed, but it must pertain to the particular duties of that employment." Keith v. Lynch, 19 Ill. App. 574; C., B. & Q. R. R. Co. v. Epperson, 26 Id. 80, and cases cited; Snyder v. H. & St. J. R. R. Co., 60 Mo. 413.

A joint action against the two defendants will not lie under the facts of this case. 2 Thompson on Negligence, 891, Sec. 11, and cases cited.

An action of trespass can never be maintained against a master for the tort of a servant simply because the relation of master and servant existed at the time. The liability never exists except in a case where the master would be liable, if the relation of master and servant did not exist. Cooley on Torts, p. 534; Smith on Master and Servant, *367.

ROWELL, NEVILLE & LINDLEY, attorneys for appellee, contended that railroad companies shall, at all junctions

with other railroads, and at all depots where said railroad companies stop their trains regularly to receive and discharge passengers in cities and villages, for at least one half hour before the arrival of, and one half hour after the arrival of any passenger train, cause their respective depots to be open for the reception of passengers; said depots to be kept well lighted and warmed for the space of time aforesaid. Starr & Curtis' Annotated Statutes, Vol. 2, page 1940, Par. 84.

A corporation is responsible for the forcible and unlawful injuries inflicted by its employes upon the person of others while such employes are in the discharge of and in the line of their duties, and for such injuries the action of trespass will lie against corporations. C. & N. W. R. R. Co. v. Peacock, 48 Ill. 253; St. Louis, Alton & Chicago R. R. Co. v. Dalby, 19 Ill. 353; T., P. & W. R. R. Co. v. Harmon, 47 Ill. 299; Illinois Central R. R. Co. v. Read, 37 Ill. 484; Cracker v. C. & N. W. R. R. Co., 36 Wis. 668; Stone v. Chicago, St. Paul, M. & O. R. R. Co., 88 Wis. 104.

Where a master employs a servant to do an act which involves the use of force against the person or property of another, and the servant in the course of his employment uses force in a manner or to an extent unlawful or unjustifiable, both are answerable as trespassers. Holmes v. Wakefield et al., 12 Allen, 580; Moore v. Fitzberg Railroad, 4 Gray, 465.

When the injury is direct, the action should be trespass against a corporation as well as an individual. Allen v. City of Decatur, 23 Ill. 332.

When an act done by a servant of a corporation is not done strictly in the line of duty but is done while in the discharge of his duties, and is wanton, malicious, or negligent, the corporation is liable in an appropriate form of action for resulting injuries. N. W. R. R. Co. v. Hack, 66 Ill. 238; C., B. & Q. R. R. Co. v. Dickson, 63 Ill. 151; C., B. & Q. R. R. Co. v. Sykes, 96 Ill. 162.

Although a person may be unlawfully upon the train or the property of a railroad company, if the servant of the

company, acting in the line of his duties generally, unlawfully ejects such person or uses more force than is necessary to eject such person the railroad company will be liable. C. & N. W. R. R. Co. v. Peacock, 48 Ill. 254; N. W. R. Co. v. Hack, 66 Ill. 238; Chicago & Eastern R. R. Co. v. Flexman, 103 Ill. 546; Rounds v. D. L. & W. R. R. Co., 64 N. Y. 129.

A carrier, whether by steamboat, railway, or otherwise, is under obligation to convey his passenger safely and properly and to treat him respectfully, and if he intrusts this duty to his servants the law holds him responsible for the manner in which he executes his trust. K. N. L. Packet Co. v. True, 88 Ill. 608; C. & E. R. R. Co. v. Flexman, 103 Ill. 546; Cracker v. C. & N. W. R. R. Co., 36 Wis. 668.

If a man occupies a position of station agent for a company and is in the open and notorious exercise of the duties of such position the presumption is that he has been appointed by the proper authorities and has been authorized to do any act properly pertaining to such position. St. L., A. & C. R. R. Co. v. Dalby, 19 Ill. 375.

To make a master liable for the wrongful act of a servant to the injury of a third person, it is not necessary to show that the master expressly authorized the particular act; it is sufficient to show that the servant was engaged at the time in doing his master's business and was acting within the general scope of his authority, though he departed from the private instructions of the master, abused his authority, was reckless in the performance of his duty, and caused unnecessary injury. This was held where a baggageman kicked a person off of one of the baggage cars who was there without right. Rounds v. B. L. & W. R. R. Co., 64 N. Y. 129.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The action below was trespass by the appellee to recover for personal injuries inflicted upon him by the appellant Moffett.

The right to recover against the appellant company is

predicated upon the fact that Moffett was an employe of the company, and upon the theory he was, at the time the injuries were inflicted upon appellee, acting in the line of his duty and in the course of his employment, and while so acting forcibly and unlawfully assaulted and injured the appellee.

Moffett was ticket agent and telegraph operator of the appellant company at Pontiac, and on Sunday, November 4, 1894, was in charge of its depot, including the waiting rooms for passengers at that station.

About 9 o'clock in the night of that day, appellee Randolph came into the waiting room for men in the depot. He was in an intoxicated condition, and soon after coming into the room vomited upon the floor, and, without going into details, we may say his condition and conduct was such as to justify his expulsion from the room.

Moffett, who was a crippled and lamed man, had before that been appointed deputy sheriff, for the purpose of clothing him with authority to preserve order in the depot, and he carried an officer's " billy." He attempted to eject Randolph, who resisted, and a struggle ensued.

We need not here refer to what occurred in the course of the struggle in the room, further than to say we have carefully read the testimony relating to it, and that it does not appear Moffett used more force than was proper and necessary to remove Randolph from the room, and that in so doing the latter did not receive any injury for which it can be seriously claimed the judgment can be sustained.

They passed out of the door to and upon the platform and there Moffett was knocked down by a violent blow delivered by Randolph, and the latter received a pistol ball in his thigh at the hands of Moffett. If any damages ought to be awarded it is for the injury caused by the wound from the pistol ball.

There is conflict in the testimony as to which of the parties struck the first blow upon the platform.

The testimony upon the part of the appellee tends to show that after they were upon the platform the appellee cursed

Moffett and called him a son of a b——h and that Moffett struck or struck at appellee with the billy, and that appellee then struck Moffett, knocked him down, started to run and Moffett fired upon him.

The testimony upon the part of appellants tended to show that after they had passed out upon the platform and Moffett was in the act of turning about to return to the room the appellee cursed him, applied to him the opprobrious epithet before mentioned and struck him a violent blow in the eye which, as one of the witnesses expressed it, "turned him a somersault" and knocked him down upon the floor of the platform, and that Moffett arose and fired at appellee as he was running away, etc. If the testimony in either behalf be accepted we think it appeared beyond dispute the altercation upon the platform occurred after Moffett had accomplished all that his sense of duty as agent of the company prompted him to do, and that the appellee brought on what was in fact a second difficulty, by his own highly provoking and unjustifiable language and conduct.

This being true, there is no ground of reason or law requiring the appellant company to respond in damages for his injuries, received in the course of such an affray.

The argument the company owed the appellee the duty it owes to a passenger can have no weight.

The appellee testified he came to the depot for the purpose of going on its train to Chicago, but no train upon which passengers were carried or were allowed to ride was due to leave within five hours of the time he came there. Freight trains were to depart earlier and it is most probable, from all the testimony, he intended to make his way to Chicago on a freight train without paying his fare.

He testified that after he was struck by the pistol ball fired by Moffett he ran four or five blocks to the park; remained there for a time and then returned; crept into a stock car of a freight train while the train was moving and rode in the stock car to Chicago.

The evidence does not disclose a right of recovery against the appellant company, and as to it the judgment is reversed

and the cause will not be remanded.    Nor are we by any means satisfied the verdict and judgment of $700 ought to stand against the appellant Moffett.

The injury to the appellee, though from a pistol shot, was not serious, nor was his actual damage great, and his conduct upon the occasion in question was disorderly and exasperating in a high degree.    He inflicted upon Moffett a serious and highly provoking personal injury, apparently sufficient to arouse great if not irresistible passion, under the influence of which the shot was fired.    Moffett, if liable at all, ought to respond only in actual damages.    We think the case, confined to an issue between Randolph and Moffett, should be submitted to another jury.

The judgment against the appellant company is reversed and as to it the cause is not remanded.

Judgment as to appellant Moffett reversed, and cause as to him remanded.    Reversed and remanded accordingly.

Chicago & Alton Railroad Company and Ernest Moffett v. Arthur Randolph.    } Appeal from McLean.

The clerk will incorporate following finding of facts in the judgment of reversal as to the appellant company:

The court finds from the evidence that the appellant Moffett was not, at the time he fired the shot at the appellee, acting in the line of his duty or course of his employment as an employe of the appellant company, and that evidence does not show any injury was inflicted upon Randolph by Moffett while the latter was so acting as an employe or in the line of his duty as such.

The court finds the appellant Moffett as agent of the appellant company, was authorized by the conduct and condition of Randolph to use the force reasonably necessary to eject him from the waiting room, and that no excessive force to that end was used.