## Chicago & Eastern Illinois R. R. Co. v. Walter P. Stratton.

1. VERDICT—*when not set aside.*  A verdict based upon contradictory evidence will not be disturbed.

2. EVIDENCE—*proof of particular allegation.*  An allegation in a declaration that a railroad ticket was from one to another specified station, is sufficiently supported by the statement of the plaintiff that the ticket in question was from one to the other of such points, where such statement is uncontradicted, notwithstanding there was no evidence as to how the ticket read.

3. PEREMPTORY INSTRUCTION—*when denied.*  A peremptory instruction should be denied where there is evidence tending to support the allegations of the declaration.

4. PASSENGER—*duty of, to pay fare.*  Notwithstanding the agent of the carrier may give a passenger a short ticket, it is, none the less, the passenger's duty to pay the additional fare demanded by the conductor, and, failing in this, such passenger becomes liable to ejection. Upon paying such additional fare, the passenger has a remedy against the carrier for breach of contract.

5. TRESPASS—*ejection of passenger from railroad train.*  It is a trespass to eject one who is properly the subject of ejection, either while the train is in motion, or with unnecessary force.

6. ASSAULT—*when carrier not liable for.*  A carrier is not responsible for an assault committed by its conductor upon a person who has been ejected from its train, where such assault is a separate transaction and

was incited by the opprobrious language of the person ejected. (See reporters' note at conclusion of opinion.)

7. VERDICT—*when excessive.* A verdict of $300 against a common carrier held, under the particular facts, to be excessive.

Trespass on the case, for alleged wrongful ejection from railroad train. Appeal from the Circuit Court of Vermillion County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

H. M. STEELY, for appellant; W. H. LYFORD, of counsel.

WILLIAM L. CUNDIFF, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee brought his action against appellant to recover damages for an assault committed upon him by a conductor of one of appellant's trains. There was a verdict and judgment in the court below for $300 against appellant.

The declaration, consisting of six counts, avers in the first count that appellee, having purchased a ticket from Bismark to Danville Station, boarded the train at Bismark and presented said ticket which was accepted by the conductor; that before the train reached Danville Station, the conductor maliciously assaulted and pulled him from his seat, bruised and injured him and put him off the train, while it was in motion; the second count is substantially the same as the first, with the additional averment that in the course of the assault, the conductor pursued him from the train and there struck, bruised and beat him; the third count is similar to the first; the fourth count avers, that appellee applied to appellant to purchase a ticket to Danville Station. and paid the necessary fare therefor, and that appellant owed him the duty to carry him safely to said station, then, continuing, charges the assault as in the first count; the fifth and sixth counts are substantially the same as the fourth.

The evidence tends to show that appellee applied to the ticket agent of appellant at Bismark for the purchase of a ticket on its railroad to Danville and paid the regular fare therefor; that appellee boarded appellant's passenger train

and delivered his ticket to the conductor on demand; that when the train reached Danville Junction, a station on appellant's road a short distance north of Danville, appellee asked the conductor whether the train went to Danville; the conductor replied that it did and asked appellee where he bought his ticket for, to which appellee replied, that he bought a ticket to Danville Station and was going down town; that the conductor then told appellee that his ticket was only to Danville Junction and that the fare down town was five cents; that immediately after the train left Danville Junction, or was moving out, the conductor demanded of appellee the five cents fare to Danville and, upon appellee's refusal to pay the same, ejected him from the train; that after appellee had left the train and the conductor was on the steps of the car platform, appellee with some demonstrations, applied to the conductor an uncomplimentary or indecent name, and that thereupon the conductor jumped from his train and had a personal altercation with appellee. The evidence as to whether the train was in motion at the time appellee was ejected, and as to whether the conductor used more force than was necessary in ejecting appellee, is contradictory, and these were questions upon which the finding of a jury would not be disturbed.

At the conclusion of appellee's evidence, appellant moved the court to exclude the evidence as to the first, second and third counts of the declaration, on the ground of variance, because there was no evidence as to how the ticket read, which appellee had delivered to the conductor, and those counts averred that the ticket was from Bismark to Danville Station. There was no error in the ruling of the court denying the motion, as appellee testified that the ticket was from Bismark to Danville, and it was uncontradicted that he asked the ticket agent for a ticket to Danville and paid the fare required therefor. Neither was there any error in the refusal of the court at that time, to instruct the jury to find the defendant not guilty. As we have heretofore intimated there was evidence tending to show that appellee was ejected while the train was in motion and with more

force than was necessary. Appellee having paid his fare from Bismark to Danville was entitled to be carried to his destination. If, as a preponderance of the evidence tends to show, the agent at Bismark gave appellee the wrong ticket, entitling him to ride to Danville Junction only, it was the duty of appellee to pay the additional fare demanded by the conductor, and if appellant refused to make suitable reparation, he could maintain his action for a breach of the contract to carry him to Danville. C., B. & Q. R. R. Co. v. Griffin, 68 Ill. 499. Appellee having refused to pay the additional fare demanded, was properly subject to be ejected from the train, but appellant nor its servants were justified in ejecting him while the train was in motion, thus imperiling his life or limb, or with more force than was necessary.

It is insisted by appellant that the damages are excessive and are evidently based, in large part, on the assault by the conductor upon appellee, after he had been ejected from the train, and which assault appellee invited by his application to the conductor of an opprobrious epithet. The evidence is contradictory with reference to the exact language used by appellee to the conductor, but whatever it may have been, whether sufficiently provocative or not, the evidence clearly shows that the assault by the conductor upon appellee was an entirely separate affair from appellee's ejection from the train, committed after appellee had ceased to be a passenger and without the line of the conductor's duty. It was purely a personal encounter between appellee and the conductor, incited by appellee, and for which appellant can not be held liable. C. & A. R. R. Co. v. Randolph, 65 Ill. App. 208.

It is incumbent upon us to say, as a matter of law, that appellant is not liable for the assault committed by its conductor upon appellee, as disclosed by the evidence in this case, and that damages based on such assault are not warranted. The damages are grossly excessive when predicated on the proper measure of recovery. There are no serious errors in any of the rulings of the court on the

admission or exclusion of evidence or in the giving or refusing instructions.

Because the damages are excessive, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

REPORTERS' NOTE.—A valuable decision as to the form of the declaration in an action against a corporation for assault will be found on page 436, *post.*